```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                           ATHENS DIVISION
```

| | |
|---|---|
| STEIN B. JACOBSEN | * |
|     Plaintiff, | * |
| vs. | * |
| HONEYWELL INTERNATIONAL, INC., and SEVERANCE PAY PLAN FOR DESIGNATED EMPLOYEES OF HONEYWELL INTERNATIONAL, INC. (CAREER BANDS 1-4i), | CASE NO. 3:05-CV-28 (CDL) * * * |
|     Defendants. | * |
| | * |

## O R D E R

The Court presently has pending before it a motion to limit the scope of discovery and for a protective order (Doc. 13) filed by Defendant Honeywell International Inc. ("Honeywell").[1]  For the reasons set forth below, Defendant's motion is granted in part.

## BACKGROUND

Plaintiff, Stein B. Jacobsen, was the Health, Safety, Environmental, and Facilities Manager for the Honeywell plant in Elberton, Georgia.  Plaintiff was fired in September 2003 for his alleged involvement in hiring practices that were contrary to company policy. After his termination, Defendant denied Plaintiff severance benefits under its employee benefits plan ("the Plan").  Defendant found that Plaintiff did not qualify for those benefits under the Plan because he was fired "for cause."  Plaintiff disputes that he

---

[1] Defendant Honeywell was Plaintiff's employer. Defendant Severance Pay Plan for Designated Employees of Honeywell International, Inc. (Career Bands 1-4i) was the employee benefits plan covering Defendant Honeywell's employees, including Plaintiff, and was added as a party Defendant after the filing of this motion.  The Court refers to both Defendants collectively in this Order as Defendant.

was fired "for cause" as that phrase is defined in the Plan, and therefore, filed the present action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., seeking a reversal of Defendant's denial of severance benefits.

In support of his claim, Plaintiff seeks discovery of materials beyond the Administrative Record.[2]  Defendant takes the position that this Court is restricted to the Administrative Record in its review of Defendant's decision to deny Plaintiff benefits.  Therefore, it argues that Plaintiff's broad discovery requests are beyond the scope of permissible discovery because they are not relevant to any issues to be decided by the Court.  To determine whether discovery in this case should be limited to the Administrative Record, the Court must first define the applicable standard of review.  After properly defining the applicable standard of review, the Court can then decide whether materials beyond the Administrative Record are relevant to the Court's review of Defendant's decision to deny Plaintiff severance benefits.

## DISCUSSION

A denial of benefits under an ERISA plan "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989).  In this case, the Plan Administrator clearly had discretionary authority

---

[2]The "Administrative Record" consists of the materials considered by the Plan Administrator in his determination to deny Plaintiff severance benefits.

to determine benefits eligibility and to construe the terms of the Plan.³  Therefore, the *de novo* standard of review does not apply.

When the Administrator has discretionary authority as in this case, the standard of review depends upon whether the Administrator is operating under a conflict of interest.  If no conflict of interest exists, then the Administrator's decision must be upheld unless it was arbitrary and capricious.  *Paramore v. Delta Air Lines, Inc.*, 129 F.3d 1446, 1449-50 (11th Cir. 1997).  If a conflict of interest exists, then the Administrator's decision is reviewed under a heightened arbitrary and capricious standard.  *Id.*

In this case, the Administrator of the Plan is the same entity that will benefit financially from the decision to deny benefits. Therefore, a conflict of interest exists for purposes of determining which standard of review applies, a point which Defendant concedes. Since Defendant has discretionary authority and was operating under

---

³The Plan states:
> Powers and Duties of Plan Administrator: The Plan Administrator shall have the full discretionary power and authority to (i) construe and interpret the Plan (including, without limitation, supplying omissions from, correcting deficiencies in, or resolving inconsistencies or ambiguities in, the language of the Plan); (ii) determine all questions of fact arising under the Plan, including questions as to eligibility for and the amount of benefits . . . . [Additionally,] [a]ny determination of the Plan Administrator, including interpretations of the Plan and determinations of questions of fact, shall be final and binding on all parties.

(Attach. to Marcotte Aff. at 11.)  *See Kirwan v. Marriott Corp.*, 10 F.3d 784, 788-89 (11th Cir. 1994)(explaining that the plan must "expressly provide[] the administrator discretionary authority to make eligibility determinations or to construe the plan's terms"); *Paramore v. Delta Air Lines, Inc.*, 129 F.3d 1446, 1450 (11th Cir. 1997).  Plaintiff's Plan clearly provides this discretion.

a conflict of interest, the heightened arbitrary and capricious standard applies.  Under this standard, the first step is to determine whether the denial of benefits was *de novo* wrong. *Williams v. Bellsouth Telecomms., Inc.*, 373 F.3d 1132, 1138 (11th Cir. 2004). In making this preliminary determination, the Court's review is restricted to an examination of the Administrative Record, *HCA Health Servs. of Georgia, Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 994 n.23, and discovery beyond the Administrative Record is unnecessary.  Moreover, if the Court determines that the Administrator's decision was not wrong, then the Administrator's decision must be upheld, and further inquiry is inappropriate.

However, if the Court determines that the Administrator's decision was wrong, further inquiry is required. The Administrator's "wrong" decision can still be upheld if the Administrator shows that its decision was not tainted by self-interest.[4]  *Williams*, 373 F.3d at 1138.  The Administrator may carry this burden by demonstrating "a routine practice or []other plausible justification[]—such as benefitting the interest of other beneficiaries." *Id.*  Evidence from outside the Administrative Record may be relevant on these issues relating to whether a conflict of interest exists and whether the Administrator's decision was tainted by self-interest.  However, discovery is not unlimited and must be restricted to evidence that may be relevant on these narrow issues.  Moreover, such discovery is unnecessary if the Court determines that the Administrator's decision

---

[4]This second step—deciding whether Defendant's factual determination or plan interpretation was tainted by self-interest—is a separate question from whether there is a conflict of interest. *Williams,* 373 F.3d at 1138.

4

was not wrong based upon the Court's review of the Administrative Record.

In light of the foregoing, the Court finds that discovery beyond the Administrative Record is unnecessary until the Court makes a determination that the Defendant's denial of benefits was wrong based upon the Court's *de novo* review of the Administrative Record. Accordingly, discovery is limited at this time to the Administrative Record.[5]

## CONCLUSION

Defendant's motion to limit discovery and for a protective order (Doc. 13) is granted to the extent described hereinabove.

IT IS SO ORDERED, this 7th day of November, 2005.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[5] The Court intends to decide the issue of whether Defendant's denial of benefits was wrong first, and if it so concludes, the Court will permit limited discovery on the issues of conflict of interest and the taint of self-interest. To avoid two evidentiary hearings, one on the correctness of the Defendant's denial and a second on the taint of self-interest, the Court seeks the parties' input. The Court contemplates that a decision can be made on the correctness of Defendant's denial of benefits without an evidentiary hearing, particularly given the Court's ruling that its review will be limited to the Administrative Record. If after that review the Court finds that Defendant's denial of benefits was correct, that will end the case. However, if the Court finds that the denial was wrong, then the Court will permit limited discovery on conflict of interest and the taint of self-interest and likely hold an evidentiary hearing on those issues. To provide the parties with an opportunity for input, the Court orders the parties to confer and submit to the Court within thirty days of today an amended scheduling order that takes into consideration the Court's rulings today. If the parties cannot reach agreement on an amended scheduling order, then they should inform the Court so that a status conference can be scheduled.