```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      ATHENS DIVISION
```

| | |
|---|---|
| STEIN B. JACOBSEN                              * | |
|         Plaintiff,                             * | |
| vs.                                            * | CASE NO. 3:05-CV-28 (CDL) |
| HONEYWELL INTERNATIONAL, INC.,                 * | |
| and SEVERANCE PAY PLAN FOR | |
| DESIGNATED EMPLOYEES OF                        * | |
| HONEYWELL INTERNATIONAL, INC. | |
| (CAREER BANDS 1-4i),                           * | |
|         Defendants.                            * | |
|                                                * | |

O R D E R

This case arises from the termination of Plaintiff's employment and the subsequent denial of his severance benefits under a plan covered by the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1001 et seq. Plaintiff claims that Defendants' denial of his severance benefits is contrary to ERISA. The Plan Administrator denied Plaintiff's claim, and Plaintiff now seeks review of that decision in this Court.

## APPLICABLE STANDARD OF REVIEW

In a previous Order (Doc. 32), this Court held that the proper standard of review under ERISA for the denial of Plaintiff's severance benefits is the heightened arbitrary and capricious standard. As explained in that Order, the first step under the heightened arbitrary and capricious standard is to determine whether

the Administrator's decision to deny benefits is "wrong."  If the decision is not *de novo* wrong, then that decision must be upheld, and no further inquiry is necessary.  For the sake of judicial economy, the Court directed the parties to focus their litigation upon this initial inquiry.  If the Court concludes that the Administrator's decision is not *de novo* wrong, then that will dispose of Plaintiff's claim.  If the Court concludes that it was wrong, then the parties will be permitted to conduct additional limited discovery on the remaining issues relating to whether the heightened arbitrary and capricious standard has been met.[1]

The parties have both filed motions for summary judgment (Docs. 35, 38).  Defendants contend that the Administrator's decision to deny benefits was not *de novo* wrong as a matter of law.  Plaintiff contends that the Administrator's decision was *de novo* wrong as a matter of law.  The Court finds that genuine issues of material fact exist as to whether the decision to deny benefits was *de novo* wrong.  Therefore, summary judgment is not appropriate for either party.  Nevertheless, the Court does find as the fact finder and based upon the Administrative Record that the Administrator's decision to deny Plaintiff benefits was not wrong.  Therefore, judgment shall be entered in Defendants' favor on Plaintiff's claim for severance benefits.

---

[1]Those issues would include whether Defendants were operating under a conflict of interest.

BACKGROUND

Plaintiff, Stein B. Jacobsen, was the Health, Safety, Environmental, and Facilities Manager for Defendants'[2] plant in Elberton, Georgia.  In this position, Plaintiff was responsible for, among other things, safety training and orientation, an employee badge program, and supervising the security guards.  In early August 2003, an employee anonymously disclosed to Defendants the possibility of an illegal hiring practice at the Elberton Plant.  Defendants immediately initiated a preliminary investigation.  This investigation revealed that several previously terminated employees were rehired under false names with false social security numbers.  Defendants determined that it was necessary to hire a third party to conduct the remaining investigation.

The law firm Ogletree, Deakins, Nash, Smoak & Stewart ("Ogletree") was hired to conduct this investigation.  Ogletree discovered that several employees were involved in the rehiring scheme. Specifically regarding Plaintiff, Ogletree determined that:

> [H]is general approach was to abdicate his responsibility
> for his areas of supervision, including the plant guards,
> the badging system and safety training, and blame others,
> including his new hire [], for carrying out the program of
> rehiring old employees with new identities.  While it is
> very likely that he did focus his attention on other
> issues, such as environmental matters, it is our assessment
> that he either intentionally or recklessly shifted

---

[2]Defendants in this action are Honeywell International, Inc., and the Severance Pay Plan for Designated Employees of Honeywell International. The Court will refer to these parties collectively as "Defendants."

3

> responsibility to an inexperienced underling to carry out the details so that he would not be directly implicated in the process. Also, his statement regarding his specific knowledge of the rehire process seemed to shift from time to time during the interview.

(Administrative R. 28.) Plaintiff was then fired on September 10, 2003, for his involvement in the rehiring practice.

On February 24, 2004, Plaintiff requested severance pay under Defendants' Severance Pay Plan ("the Plan"). On April 19, 2004, Plaintiff's request was denied on the basis that he was fired for cause. Plaintiff submitted additional documentation and appealed this decision to the Administrator on May 24, 2004. On September 17, 2004, after reviewing all evidence submitted by Plaintiff, the Administrator again denied Plaintiff's request for benefits. Plaintiff thereafter filed the present lawsuit pursuant to ERISA.

## DISCUSSION

*1. Summary Judgment Motions*

Both parties have filed motions for summary judgment. Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

4

Plaintiff maintains that he did not commit any act that falls under the definition of "cause" contained in the Plan.[3] Under the Plan, an employee who is fired for cause is ineligible for severance benefits. Plaintiff claims that he was not involved in and had no knowledge of the illegal hiring plan. Therefore, Plaintiff alleges, he was not fired for cause. Plaintiff submitted to the Administrator evidence, now in the Administrative Record, that supports his claim that he was not involved in the rehiring plan. The Administrator, however, found that Plaintiff had direct knowledge of the rehiring scheme and that this resulted in his termination for dishonesty, violation of employer rules, and egregious conduct. The Administrator also found that even if Plaintiff did not have direct knowledge of the rehiring scheme, his failure to properly supervise the training program, badge system, and security guards constitutes a substantial failure to carry out his job responsibilities. Therefore, the Administrator found that Plaintiff was fired for cause under the Plan.

The Court finds that there is conflicting evidence in the Administrative Record on the issue of whether Plaintiff was fired for

---

[3] The Plan defines "cause" as:
an Eligible Employee's (I) unwillingness, substantial failure or willful refusal to perform duties and responsibilities of his or her job as required by an Employer, (ii) violation of any fiduciary duty owed to an Employer, (iii) conviction of a felony or misdemeanor, (iv) dishonesty, (v) theft, (vi) violation of Employer rules or policies that constitute grounds for termination, or (vi) egregious conduct, such as gross insubordination, that has a detrimental impact on an Employer and its employees.

5

cause. Genuine issues of material fact exist to be tried. Consequently, summary judgment is not appropriate for either party. Accordingly, both Plaintiff's and Defendants' motions are denied.

*2.   Findings of Fact and Conclusions of Law*

Although this case is not properly decided on summary judgment, the Court must still decide whether the Administrator's decision to deny Plaintiff benefits was *de novo* wrong. It is undisputed that the Court, and not a jury, is the proper fact finder in an ERISA action. *Chilton v. Savannah Foods & Indus., Inc.*, 814 F.2d 620, 623 (11th Cir. 1987); *Calamia v. Spivey*, 623 F.2d 1235, 1237 (5th Cir. 1980).[4] Moreover, the Court's fact finding shall be based upon its review of the administrative record.[5]  *See Jacobsen v. Honeywell Int'l, Inc.*, No. 3:05-CV-28 (M.D. Ga. Nov. 7, 2005).

Since the Court's *de novo* factual determination must be based upon its review of the already existing Administrative Record and since the parties have had a full opportunity in their summary judgment motions to assert their positions as to what that record shows on the issue of whether the Administrator's decision was wrong, no reason exists for further delay by the Court in making that

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[5]The "Administrative Record" consists of the materials considered by the Administrator in his determination to deny Plaintiff severance benefits.

6

determination.  The Court has reviewed that record and makes the following findings of fact and conclusions of law.

The Court finds that the Administrator's decision is not "wrong."[6]  *See HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 994 n.23 (11th Cir. 2001); *Brown v. Blue Cross & Blue Shield of Ala., Inc.*, 898 F.2d 1556, 1567 n.12 (11th Cir. 1990). The Administrative Record indicates that Plaintiff was fired for cause.  That record reveals that at a minimum he was complicit in the rehiring practices which gave his employer grounds to terminate his employment.

First, the Administrative Record contains a report by Olgetree documenting the results of its investigation into the rehiring scheme.  Olgetree determined that Plaintiff either purposefully or recklessly assigned many of his duties to an inexperienced underling so that Plaintiff would not be directly implicated in the scheme.

Second, the Administrative Record establishes that Plaintiff was involved in many of the processes that facilitated the rehiring plan. For example, Plaintiff was in charge of new hire safety training. The Administrative Record indicates that Plaintiff was at one time questioned as to whether rehires needed to participate in safety

---

[6] Plaintiff bears the burden of showing that he is entitled to benefits.  29 U.S.C. § 1132(a)(1)(b); *Williams v. Bellsouth Telecomms., Inc.*, 373 F.3d 1132, 1138 (11th Cir. 2004).  Therefore, arguably to find in his favor, the Court must find by a preponderance of the evidence that the Administrator's decision was wrong.  The Court finds that Plaintiff has failed to carry that burden.  Furthermore, while the Defendants have no such burden, the Court finds the evidence to be overwhelming that the decision in fact was not wrong.

7

training a second time. Plaintiff responded that this was unnecessary. Although they did not attend the training, the rehired employees, then signed training sheets indicating that they had received the mandated training. Plaintiff denies knowledge of this practice, but admits that he was responsible for maintaining training files. This safety training practice is one example of where the Administrator found that either (1) Plaintiff had knowledge and engaged in dishonest and egregious behavior, or (2) he had no knowledge but failed to carry out his job responsibilities.

Finally, the Court acknowledges that the Administrative Record contains Plaintiff's self-serving claim that he had absolutely no knowledge or involvement in the rehiring plan. In light of the other evidence to the contrary, the Court finds this evidence unconvincing. The Court finds that the overwhelming evidence in the Administrative Record supports the Administrator's determination that Plaintiff was fired for cause. Therefore, its decision is not *de novo* "wrong." *See Williams v. BellSouth Telecomms, Inc.*, 373 F.3d 1132, 1139 (11th Cir. 2004). Accordingly, Plaintiff is not entitled to severance benefits, and judgment shall be entered in favor of Defendants on Plaintiff's severance benefits claim. Since the Court has found that the termination of Plaintiff's employment was for cause, Plaintiff's ERISA retaliation claim also must fail.[7]

---

[7]It is not entirely clear whether Plaintiff continues to maintain claims under ERISA based upon the Plan's alleged lack of clarity and Defendants' alleged failure to provide him with updated copies of the

CONCLUSION

The parties' motions for summary judgment (Docs. 35, 38) are denied. However, as explained in this Order, judgment shall be entered in favor of Defendants as to all of Plaintiff's federal law claims. The Court declines to exercise jurisdiction over Plaintiff's remaining state law claims, which are hereby dismissed without prejudice.

IT IS SO ORDERED, this 9th day of June, 2006.

                                        S/Clay D. Land
                                              CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE

---

Plan. The Court finds that insofar as Plaintiff still seeks to assert those claims, the present record is sufficient to resolve them. Having reviewed the applicable documents, the Court finds that the Plan does not violate any ERISA provisions regarding clarity and content. The Court also finds that since Plaintiff is not entitled to benefits under the Plan, he is not entitled to any additional plan documents. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115-18 (1989). Therefore, judgment shall also be entered in Defendants' favor as to Plaintiff's remaining possible ERISA claims.